UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JUSTIN BRANHAM, <br><br> Plaintiff, <br><br> v. <br><br> KINGSFORD MANUFACTURING CO., <br><br> Defendant. | No. 6:23-CV-09-GFVT-HAI <br><br> RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court considers the unopposed motion of Kingsford Manufacturing Company ("Kingsford") to dismiss this matter as a Rule 37 discovery sanction. D.E. 27. This follows the Court's previous order granting Kingsford's unopposed motion to compel *pro se* Plaintiff Justin Branham to respond to Kingsford's requests for production of documents. D.E. 25, 26. The bottom line is that, for eight months, despite multiple urgings from both Kingsford and the Court, Branham, has failed to provide any response (or responsive documents) to Kingsford's properly served requests for production of documents. Applying the law to the facts of this case, dismissal is warranted as a discovery sanction.

**I. Background**

In August 2023, the attorney for Plaintiff Justin Branham withdrew (D.E. 18) and Branham has hence represented himself (D.E. 22). In November, Kingsford requested a discovery-dispute teleconference. *See* D.E. 23. Prior to the call, Kingsford provided the Court and Branham with a summary of their issue. Although invited to do so, Branham did not provide a written summary of his side of the dispute.

According to Kingsford's uncontradicted narrative (*see* D.E. 25, 27), Kingsford served interrogatories and requests for production of documents on June 9, 2023. Kingsford then agreed to an extension of the response deadline to August 7. Before withdrawing, Plaintiff's counsel ensured Kingsford he had instructed Branham concerning his discovery obligations. The Court reinforced those instructions during its September 15 mid-discovery teleconference. On October 11, 2023, Kingsford reminded Branham again via email that he had not provided the discovery responses requested in June. Counsel for Kingsford called Branham about the matter on November 2 and said they would seek Court intervention if the documents were not produced by November 7. On November 6, Branham emailed his interrogatory answers to Kingsford, but he did not respond in any manner to the requests for production of documents. Kingsford asked him to provide them by November 17.

Having received no response to the requests for production of documents, Kingsford then sought a discovery-dispute teleconference with the Court. During that December 1, 2023 teleconference, the Court granted Kingsford leave to file a motion to compel by December 11. Any response by Branham was ordered filed by December 18, after which any motion to compel would stand submitted for a decision. D.E. 24.

On December 11, 2023, Kingsford moved the Court to compel Plaintiff to serve his responses to the requests for production of documents. Kingsford also asked for sanctions under Federal Rule of Civil Procedure 37, including dismissal of the action and attorney fees. D.E. 25. Kingsford's proposed order sought responses within fourteen days, plus reimbursement to defense counsel "for their time meeting and conferring with Plaintiff" and preparing the motion. D.E. 25-6. A copy of Kingsford's requests for production of documents is filed at Docket Entry 25-1.

The December 18 deadline passed with no response filed by Branham. The Court in its subsequent January 2, 2024 order quoted Joint Local Civil Rule 7.1(c): "Failure to timely respond to a motion may be grounds for granting the motion." The motion was granted as unopposed. D.E. 26. Branham was ordered to serve responses on Kingsford by January 16, 2024. *Id*. The Order then cautioned,

> Plaintiff is warned that failure to comply with this Order could result in sanctions under Federal Rule of Civil Procedure 37(b), including penalties such as dismissal, default judgment, contempt of court, and payment of the other side's expenses. The Court reserves ruling on whether to assess monetary sanctions at this juncture. The defense may seek additional relief, if warranted, following the expiration of this deadline.

*Id*.

It now appears that Branham failed to comply with the January 2 discovery Order. On January 18, 2024, Kingsford filed a motion "pursuant to Fed. R. Civ. P. 37(b)(2) and 37(d)(1)(A)(ii), to dismiss this lawsuit or impose other relevant sanctions." D.E. 27. No timely response was filed, and six weeks later the motion stands unopposed.

## II. Failure to Respond

First, Kingsford's motion to dismiss may be granted due to Branham's failure to respond. When a party "fails to respond or to otherwise oppose a Defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendant's motion to dismiss is grounds for the district court to assume that opposition to the motion is waived). Joint Local Civil Rule 7.1(c) also states that "Failure to timely respond to a motion may be grounds for granting the motion." The Court specifically warned Branham of this Rule in its January 2 Order.

3

Here, Branham has filed no timely response to the motion to dismiss nor a request for an extension of the normal 21-day response deadline. The Court may therefore grant Kingsford's motion based on the lack of response. This should come as no surprise to Branham, as the Court previously granted Kingsford's motion to compel as unopposed. In the alternative, dismissal is also warranted for failure to obey discovery orders and for lack of prosecution, as explained below.

### III. Dismissal Under Rules 37(b)(2)(A) and 41(b)—Legal Standards

Under Federal Rule of Civil Procedure 37(b)(2), if a party "fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders [including] dismissing the action or proceeding in whole or in part." Likewise, Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). In either case, Courts consider four factors in determining whether dismissal is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737; *see also Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 957 (6th Cir. 2018) (applying these factors in the Rule 37(b)(2) context, following *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)).

"Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.

4

1999)). "The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id*. at 736 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). "'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.' *Webster's Third New International Dictionary* 497 (1986)." *Id*. at 737.

> To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings. . . .
>
> This court has held, for purposes of the second factor, that a defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide. . . .
>
> As for the third factor, prior notice, or the lack thereof, is a key consideration . . . .
>
> Finally, the sanction of dismissal is appropriate only if the [party's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process. . . . [The Sixth Circuit], however, . . . is loathe to require the district court to incant a litany of the available lesser sanctions. . . . [The Sixth Circuit] understands this factor to require particular caution in the absence of contumacious conduct . . . .

*Schafer*, 529 F.3d at 737-38 (citations and quotation marks omitted).

### IV. Dismissal—Analysis

The four dismissal factors are satisfied here. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737-38 (6th Cir. 2008). First, Branham's failure to respond to requests for production of documents is due to willfulness, bad faith, or fault. There is a clear record of contumacious conduct here. Branham has been stubbornly disobedient, despite admonishments from the Court on two teleconferences and in its written orders. He has shown at least a reckless disregard for the effect of his conduct on these proceedings. Kingsford provided multiple

5

deadline extensions that did not produce compliance. A discovery-dispute teleconference did not lead to compliance. And a Court Order compelling production did not produce compliance. This case contains a clear record of contumacious conduct that supports dismissal as a sanction under Rules 37 and 41.

The other factors, though ultimately less important, also support dismissal as a sanction. As to factor #2, it is clear Kingsford has been harmed. As explained in the unopposed sanctions motion, Kingsford "wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." D.E. 27 at 6 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Kingsford was prevented from obtaining relevant discovery documents, and they have not deposed Branham because they wanted the documents first. *Id*. at 7. Time and money have been wasted in attempting to conduct discovery and in filing multiple motions and attending multiple conferences with this Court.

As to factor #3, Branham was clearly warned that dismissal is a possible remedy. First, Kingsford's motion to compel contained an alternative request for sanctions, including Rule 37 dismissal. D.E. 25 at 5-6. Then, the Court's Order granting that motion to compel explicitly warned Branham that "failure to comply with this Order could result in sanctions under Federal Rule of Civil Procedure 37(b), including penalties such as dismissal, default judgment, contempt of court, and payment of the other side's expenses." D.E. 26 at 2-3. And that Order invited Kingsford to "seek additional relief, if warranted," if Branham did not comply. *Id*. at 3.

The fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered. As explained in *Schafer*, this factor is less important when, as here, there is contumacious conduct. Also, per *Schafer*, Branham's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process. *Schafer*, 529 F.3d

6

at 737-38. Kingsfod and the Court, despite its efforts, have been unable to coax Branham into cooperating. Given Branham's *pro se* status, the Court has been more lenient than normal. Yet he did not cooperate with a typical discovery request. Every appearance is that Branham has abandoned litigating this case on the merits. And there is no indication that less drastic sanctions will provoke compliance.

All four elements are satisfied. Therefore, dismissal is warranted under Rule 37(b)(2)(A)(v) for failure to obey discovery orders. Specifically, Branham failed to obey repeated, clear orders to provide responses to requests for production of documents in a manner that complies with the Rules of Civil Procedure. Dismissal is also warranted and under Rule 41(b) for failure to prosecute. Additionally, Kingsford's motion to dismiss stands unopposed.

### V.  Attorney Fees

Federal Rule of Civil Procedure 37(b)(2)(C) states as follows:

> *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Kingsford has requested this relief. D.E. 27 at 8-9. Here, Branham is *pro se*, but he is not proceeding *in forma pauperis*. The Court has no insight into his financial status. His attorney's motion to withdraw said the motion was based on "good cause" that could not be revealed due to attorney-client privilege. D.E. 15, 17. There is no reason to believe the withdrawal was related to an inability to pay. Further, for the reasons discussed above, the record contains no evidence that Branham's failure to cooperate and to prosecute were "substantially justified." The record is devoid of evidence that an award of fees and expenses would be unjust.

7

An award of fees and expenses appears to be the default setting under Rule 37(b), and nothing in the record weighs against granting this relief. Kingsford should keep in mind that sanctions under Rule 37(b)(2)(C) only compensate the moving party for expenses incurred after the Court entered a discovery order. 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2289 (3d ed. 2022). Therefore, it may appropriate for Kingsford to recover expenses incurred after the January 2, 2024 order compelling production. If this Recommendation is adopted and judgment is entered, then Kingsford is free to move for any appropriate fees and expenses in conformity with Federal Rule of Civil Procedure 54(d) and Joint Local Civil Rule 54.4.

## VI. Conclusion

The undersigned **HEREBY RECOMMENDS THAT** Defendant Kingsford's unopposed motion for dismissal as a discovery sanction (D.E. 27) be **GRANTED** and that this matter be **DISMISSED with prejudice** as a sanction under Federal Rule of Civil Procedure 37(b), for failure to prosecute under Federal Rule of Civil Procedure 41(b), and for lack of response under Joint Local Civil Rule 7.1(c).

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Judge.** Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 29th day of February, 2024.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge